

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2013

# Jose Cardona v. Warden Lewisburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-3172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Jose Cardona v. Warden Lewisburg" (2013). *2013 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3172
_____

JOSE CRISTOBAL CARDONA,

Appellant

v.

WARDEN LEWISBURG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-10-cv-02269)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 10, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2013)

—————

OPINION

—————

PER CURIAM

Jose Cardona, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil

Procedure Rule 60(b)(2). For the following reasons, we will summarily affirm.[1]

Cardona's habeas petition, pursuant to 28 U.S.C. § 2241, was denied on July 6,

2011. Since then, he has attempted to reopen the judgment at least five times. This

appeal stems from his sixth unsuccessful attempt, filed on April 15, 2013. He relied on

Rule 60(b)(2), claiming that he had newly discovered evidence that would warrant relief

from the District Court's order denying his habeas petition.

Motions brought under Rule 60(b)(2) must be filed "no more than a year after the

entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Cardona's motion was filed nearly two years after the entry of judgment, and the District

Court did not abuse its discretion in denying it as untimely.[2] See Brown v. Philadelphia

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

[2] As he did in the District Court, Cardona argues that his previous appeal to us tolled the one-year deadline. As the District Court explained, (Dkt. No. 42, p. 4), it did not. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 239 (3d Cir. 1987). The District Court also determined that Cardona's motion was meritless, an issue we need not discuss, given its untimeliness.

2

<u>Hous. Auth.</u>, 350 F.3d 338, 342 (3d Cir. 2003). There being no substantial question presented on appeal, we will summarily affirm.